Lisa S. Kantor, Esq. State Bar No. 110678
  e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. State Bar No. 199634
  e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiffs,
JUDIE DEPESA AND GABRIELLE DEPESA

Brian F. Rowe, Esq. (State Bar No.: 168792)
BLUE CROSS OF CALIFORNIA
21555 Oxnard Street, First Floor
Woodland Hills, CA 91367

Attorneys for Defendant
ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| JUDIE DEPESA AND GABRIELLE DEPESA,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY,<br><br>Defendant. | CASE NO: 3:10-CV-02323-JCS (Magistrate-Judge Joseph C. Spero, Courtroom "A", 15th Floor)<br><br>JOINT STATUS REPORT AND REQUEST FOR CONTINUANCE OF INITIAL CASE MANAGEMENT CONFERENCE AND ORDER<br><br>Complaint Filed: May 27, 2010<br>CMC: September 3, 2010 |

---

JOINT STATUS REPORT
1

Pursuant to Federal Rules of Civil Procedure, Rules 16 and 26(f), this Court's Standing Order, and the Local Rules of this Court, Plaintiffs Judie Depesa and Gabrielle Depesa (hereinafter "Plaintiffs") and Defendant Anthem Blue Cross Life and Health Insurance Company (hereinafter "Defendant"), by and through their respective counsel of record, hereby submit this Joint Status Report, following the meeting of counsel as required by Rule 26(f).

**(A)** **Brief Summary of the Case.**

This is an ERISA case brought by Judie DePesa and her daughter, Gabrielle DePesa, to recover benefits for residential treatment for Gabrielle. Gabrielle is 22 years old and suffers from anorexia nervosa, autistic spectrum disorder, obsessive-compulsive disorder and superior mesenteric artery syndrome.. Superior mesenteric artery (SMA) syndrome is a very rare, life-threatening gastro-vascular disorder (there are only 400-500 cases in country) characterized by a compression of the third portion of the duodenum by the abdominal aorta and the overlying superior mesenteric artery. Gabrielle underwent surgery in October 2007 to create a bypass hook-up.

Gabrielle was admitted to Monte Nido Treatment Center in Agoura, California for the treatment of Anorexia Nervosa on January 26, 2010. Defendant approved payment for such treatment from January 26, 2010 through March 28, 2010. On March 31, 2010, Defendant denied authorization for continued residential treatment on the ground that Gabrielle did not meet the guidelines for residential treatment starting on March 29, 2010. Plaintiffs appealed this decision. On April 1, 2010, Defendant upheld its prior denial.

/ / /

**(B) Status of Service of Process**

All defendants have been served and have answered the complaint.

**(C) Possible Joinder of Additional Parties**

The parties do not anticipate joining any additional parties.

**(D) Contemplated Amendments to the Pleadings**

The parties do not anticipate amending the pleadings

**(E) Statutory Basis for Jurisdiction and Venue**

This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 as it involves a claim by Plaintiffs for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. Plaintiffs were at all times relevant, residents of the County of Santa Cruz, State of California.

**(F) Anticipated Discovery and the Scheduling**

Plaintiffs have served their Initial Disclosures. Defendant anticipates serving its Initial Disclosures by the end of August.

Plaintiff alleges that she is entitled to discovery aimed at completing the applicable claim file(s) (if necessary) and to explore Defendant's potential conflict of interest in denying Plaintiff's claim for benefits. In *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006), the Ninth Circuit affirmed *Tremain v. Bell Industries*, 196 F.3d 970 (9th Cir. 1999), and expressly held that evidence outside of the administrative record is permitted in ERISA actions to aid the court in determining the "nature, extent and effect" of an administrator's structural (inherent) conflict of interest on the claims decision. *Id.* at 970. Accordingly, Plaintiff may conduct discovery and present evidence to the Court regarding Defendant's conflict of interest, such as "any evidence of malice, of self-dealing, or of a parsimonious

claims-granting history," "inconsistent reasons for denial," inadequate investigation of a claim or failing to ask the Plaintiff for necessary evidence, failing "to credit a claimant's reliable evidence," and making decisions against the weight of evidence in the record. *Id.* at 968.

The Supreme Court endorsed the *Abatie* approach in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008), holding that a conflict of interest "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Id.* at 2351.

Defendant disputes Plaintiff's allegation of potential conflict of interest affecting the benefit determination in this matter. Defendant asserts that all discovery in this lawsuit should be kept within the administrative record. The correct standard of review to be applied in this case is the arbitrary-and-capricious standard. In *Leger v.Tribune Company Long Term Disability Benefit Plan*, 557 F.3d 823 (2009) which distinguished the holding in *Metropolitan Life Ins. Co. v. Glenn*, the court found that Metropolitan did not create a new standard of review, and that any potential evaluator/payor conflict was just one of many factors to be weighed. *Leger* at 831.

**(G)** **Deadline for Non-Discovery Motions**

The parties propose that all non-discovery motions be brought on or before February 1, 2011.

**(H)** **Proposed Dates for Trial and Pre-trial Conference**

The parties request the simultaneous exchange of Opening Trial Briefs followed by Responding Trial Briefs for this matter. The parties propose the Opening Trial Briefs be filed by March 28, 2011, and the Responsive Trial Briefs be filed by April 11, 2011. The parties propose a bench trial on April 18, 2011.

JOINT STATUS REPORT
4

1   **(I)**   **Special Procedures Such As Reference to Magistrate Judge**

2         The parties have consented to proceed before this Magistrate Judge.0

3   **(J)**   **Modifications to Pre-trial Procedures**

4         The parties assert this matter is appropriate for a waiver of the Court's pre-trial
5 requirements, pursuant to Ninth Circuit precedent. The matter should be decided on
6 the basis of the parties' trial briefs, the claim file, and evidence submitted by plaintiff
7 for consideration under *Nolan* v. *Heald College*, 551 F.3d 1148 (9th Cir. 2009).

8   **(K)**   **Related Cases**

9         The parties are not aware of any related cases.

10   **(L)**   **Prospects for Settlement**

11         The parties have already engaged in settlement discussions and believe that
12 they will be able to settle this matter on their own. The records are being reviewed as
13 treatment is ongoing in an outpatient setting in various levels of intensity. Therefore,
14 the parties request that the September 3, 2010 Initial Case Management Conference
15 be continued for sixty days.

16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27
28

1  (M)   **Other Matters Conducive to Just and Expeditious Disposition**

2        The parties are aware of no such issues which presently need resolution.

4  DATED: August 24, 2010                    KANTOR & KANTOR, LLP

6                                     BY:    /s/ Lisa S. Kantor
                                             Lisa S. Kantor
7                                            Elizabeth K. Green
                                             Attorneys for Plaintiffs
8                                            Judie Depesa and
                                             Gabrielle Depesa

10 DATED: _____

11                                    BY: Aileen F. Bruno on behalf
                                          Brian F. Rowe            of Brian F. Rowe
12                                        Attorneys for Defendant
                                          Anthem Blue Cross Life and
13                                        Health Insurance Company

15 IT IS HEREBY ORDERED that the case management conference is continued to
   November 5, 2010, at 1:30 p.m. The joint case management conference
16 statement shall be due by October 29, 2010.
17 IT IS SO ORDERED.

19 Dated: August 27, 2010

   [SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Joseph C. Spero]

---

JOINT STATUS REPORT
6